UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBIN F. YOUNG, an individual, and JACQUELYN B. GERDING, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DANKA INDUSTRIES, INC., a corporation; DANKA PHOTOCOPY, INC., a corporation; and DANKA BUSINESS SYSTEMS, a corporation,<br><br>Defendants. | CASE NO. CV 97-B-0843-S |

## MEMORANDUM OPINION

Currently before the court is the motion of the plaintiffs Robin F. Young and Jacquelyn B. Gerding to remand this action to state court. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiffs' motion to remand is due to be denied.

On February 27, 1997, plaintiffs filed a complaint against defendants in the Circuit Court of Jefferson County, Alabama. On April 7, 1997, defendants removed the action to this court. In their petition for removal, defendants claim that this court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, the diversity statute. Plaintiffs now seek to remand the action to state court on the basis that the court lacks subject matter jurisdiction to hear this case.

According to the diversity statute, 28 U.S.C. § 1332, the district courts have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). For purposes of determining the citizenship of parties to a lawsuit, a corporation is deemed to be a citizen of any state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The party seeking removal bears the burden of demonstrating that complete diversity of citizenship exists between the parties. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1984).

The parties do not dispute that the amount in controversy requirement has been met. The parties are also in agreement that plaintiffs Young and Gerding are citizens of the state of Alabama. However, plaintiffs claim that this court does not have original jurisdiction of this action because one or more of the defendant corporations is a citizen of the state of Alabama, thereby destroying complete diversity of citizenship between the parties. Defendants claim that no named defendant is a citizen of the state of Alabama.

The court finds that none of the defendant corporations is a citizen of the state of Alabama for purposes of determining diversity jurisdiction. The evidence shows that the first named defendant, Danka Industries, Inc., whose current successor is Danka Corporation, was incorporated under the laws of Florida, with its principal place of business in Florida. (Davis Aff. ¶ 3; Pls.' Ex. D.) The evidence shows that the second named defendant, Danka Photocopy, Inc., is not incorporated under the laws of the state of Alabama. (Davis Aff. ¶5, Defs.' Ex. 1.) According to Rick Davis, Director of Human Resources at Danka Corporation, Danka Photocopy, Inc., is not a legal entity but a name that Danka Corporation uses for

2

advertising purposes. (*Id.*) As to the third named defendant, Danka Business Systems, defendants' evidence shows that no such entity is incorporated under the laws of the State of Alabama, but that Danka does advertise in Alabama under the name Danka Business Systems. (Davis Aff. ¶ 6.) Plaintiffs have presented no evidence to contradict defendants' assertions regarding defendants' state of incorporation or principal place of business. Therefore, defendants have met their burden of demonstrating that none of the defendants are citizens of the state of Alabama for purposes of the diversity statute.

Plaintiffs' evidence shows that defendants have advertised in Alabama and conducted extensive business negotiations in Alabama. Such evidence might be pertinent to the issue of this court's personal jurisdiction over defendants. However, in determining whether diversity jurisdiction exists, a "minimum contacts" analysis does not apply. Rather, as defendants suggest, the court must look to the citizenship of the parties as such is determined under the diversity statute, 28 U.S.C. § 1332.

The evidence shows that the parties are diverse, and there is no dispute that the amount in controversy requirement has been met. Therefore, based upon the foregoing, the court finds that plaintiffs' motion to remand is due to be denied.

DONE this 12th day of March, 1998.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge